# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

Nº 08-CV-3088 (JFB) (ARL)

————————————

KENNETH LEOGRANDE,

Plaintiff,

VERSUS

THE STATE OF NEW YORK, ET AL.,

Defendants.

————————————

**MEMORANDUM AND ORDER**
March 29, 2013

————————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Kenneth Leogrande ("plaintiff" or "Leogrande") brings this action for relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1986 ("Section 1986"), and the Federal Torts Claim Act ("FTCA") against Suffolk County and Police Officer Anthony Buonagvrio ("Buonagvrio") (together, "Suffolk County Defendants"); the State of New York and the First District Court of Suffolk County (together, the "New York State Defendants"); and the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") (together, "Federal Defendants") (collectively, "defendants"),[1] for alleged violations arising from the plaintiff's September 1, 2007 arrest and subsequent prosecution for allegedly threatening a state court judge and his clerk. Specifically, plaintiff asserts claims against Buonagvrio for false arrest, malicious prosecution, violations of the Speedy Trial Act, and failure to administer *Miranda* warnings. Plaintiff asserts a *Monell* claim against Suffolk County alleging that he was denied a fair trial and that the County has a policy and practice of depriving tenants of their constitutional rights during the eviction process. Plaintiff also asserts that the Federal Defendants failed to investigate plaintiff's allegations against the other defendants. Plaintiff further asserts a state law defamation claim against the Suffolk County Defendants in relation to his criminal prosecution.

---

[1] As discussed *infra*, the Court *sua sponte* dismissed several defendants from this action.

The Suffolk County Defendants filed a motion to dismiss plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Buonagvrio arrested plaintiff on the basis of a valid warrant, that a finding of probable cause defeats plaintiff's claim for malicious prosecution, and that the amended complaint cannot reasonably be interpreted to include allegations concerning a Suffolk County municipal policy or custom that deprived plaintiff of his constitutional rights.

The New York State Defendants filed a motion to dismiss plaintiff's complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff's claims are barred by the Eleventh Amendment and, in any event, that the defendants are protected by absolute and qualified immunity.

The Federal Defendants filed a motion to dismiss plaintiff's complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the United States has not waived its sovereign immunity for claims brought under Section 1983, that plaintiff's claims under Section 1986 fail to state a claim upon which relief can be granted, and that plaintiff's claim under the FTCA fails due to a lack of subject matter jurisdiction and, further, because the discretionary function exception to the FTCA bars claims challenging the Federal Defendants' alleged failure to investigate plaintiff's claim.

For the reasons set forth below, the Court grants both the New York State Defendants' and the Federal Defendants' motions to dismiss all claims with prejudice. With respect to the Suffolk County Defendants, the Court dismisses, with prejudice, plaintiff's *Monell* claim and plaintiff's claim that he was not read his *Miranda* rights; it dismisses plaintiff's malicious prosecution claim without prejudice because the state criminal proceeding is ongoing. Additionally, the Court converts the Suffolk County Defendants' motion to dismiss the false arrest claim into a motion for summary judgment, and will give plaintiff an opportunity to respond before ruling on the motion. The Court will issue a separate order setting forth a schedule for the summary judgment briefing on the false arrest claim, and will attach to that Order the *pro se* Notice under Local Rule 56.2. Finally, given that it is unclear whether any federal claims will survive, the Court declines to exercise jurisdiction over plaintiff's state law claims at this time, but will evaluate this issue after it considers the converted summary judgment motion on the only remaining federal claim – namely, the Section 1983 claim for false arrest.

I. BACKGROUND

A. Factual History

Plaintiff filed eight separate actions stemming from the same series of events, which the Court consolidated into the instant action. The following facts are taken from the complaints[2] and are not finding of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motions to dismiss and will construe them in a light most favorable to plaintiff, the non-moving party.

1. Plaintiff's Arrest and Initial Proceedings

On September 1, 2007, Suffolk County Police Officer Anthony Buonagvrio arrested plaintiff at 2844 Route 112, Medford, New

---

[2] Plaintiff's complaints are indicated in this Memorandum and Order by docket number.

York. (8-CV-3088 Am. Compl. ("8-CV-3088 AC") ¶ 10.) Plaintiff alleges that Buonagvrio did not have a warrant, did not give a reason as to why he was arresting plaintiff, and did not read plaintiff his *Miranda* rights. (*Id.* ¶¶ 11-12.) Buonagvrio brought plaintiff to the Sixth Precinct in Coram, Suffolk County, where he allegedly questioned him "without his right to counsel." (*Id.* ¶¶ 13-14.) Suffolk County Police Sergeant Gligorie, Badge #995, allegedly did not show plaintiff a warrant and also allegedly failed to read plaintiff his *Miranda* rights. (*Id.* ¶ 15.)

Plaintiff was then transported to County Court in Central Islip, where he was charged in *People v. Leogrande*, 2007 SU 04968, with Aggravated Harassment in the Second Degree, N.Y. Penal Law § 240.30(1). (*Id.* ¶ 18.) Plaintiff asserts that the charge was based "solely" on the statements of court employee Sharon McCormick ("McCormick"), "dated August 20, 2007, with a warrant requested on August 23, 2007." (*Id.*) Buonagvrio continued to question plaintiff, and plaintiff did not learn of the charges against him until Court Officer John Doe at County Court informed him of them. (*Id.* ¶¶ 19-20.) Legal Aid attorney Sharon Weber, Esq. ("Weber") was assigned to Leogrande at his arraignment, where he pled not guilty. (*Id.* ¶¶ 21-22.) Weber stated, "I believe that sometimes in frustration, people say and do things, that [they] absolutely would never mean in any way," which plaintiff alleges was an assertion that plaintiff was guilty. (10-CV-5816 Compl. ¶ 8.) District Court Judge Burke stated that it was "[n]ot a good idea" for the plaintiff to threaten a judge or his secretary. (8-CV-3088 AC ¶ 23.)

On September 5, 2007, Legal Aid attorney Alison Katravenos ("Katravenos") was assigned to plaintiff "without his consent." (*Id.* ¶ 24.) She gave plaintiff an Order of Protection directing him to stay away from the Honorable Judge Melvyn Tanenbaum and Sharon McCormick. (*Id.* ¶ 25.) Plaintiff requested a "jury trial," but Katravenos, "without consulting with him," stated that they were not demanding a jury trial "right now." (*Id.* ¶ 27.)[3] Judge Joseph A. Santorelli signed the Order of Protection, ordering plaintiff to stay away from Judge Tanenbaum and McCormick, and forbidding him from entering the Supreme Court Building, which, plaintiff asserts, prevented him from defending himself against eviction charges. (*Id.* ¶¶ 30-31.)

Plaintiff alleges that Judge Santorelli signed the warrant for plaintiff's arrest, and therefore believed plaintiff was guilty. (*Id.* ¶ 34.) Plaintiff further alleges that McCormick lied about being threatened by plaintiff in order to thwart his ability to defend himself in court, thereby violating his right to appeal his eviction and "right of publication." (*Id.* ¶ 35.)

2. Plaintiff's Motions in State Court

Plaintiff made a series of motions in state court alleging that Judges Santorelli and Tanenbaum were conspiring against him. (*Id.* ¶¶ 37, 39.) On March 6, 2008, Judge Santorelli recused himself and assigned the case to Judge Fitzgibbon. (*Id.* ¶ 40.) On April 1, 2008, plaintiff's state case was "moved to Judge Lawrence Donohue," who allegedly "revoke[d]" plaintiff's "right to the subpoena evidence." (*Id.* ¶ 38.) Judge Donohue "refuse[d] to take the motion to reconsider subpoena *duces takem* [sic] of Judge Melvin Tanenbaum and Sharon McCarmack [sic] and refuse[d] to take [the] motion to dismiss." (*Id.* ¶ 42.) Plaintiff has been unable to obtain transcripts from

---

[3] Plaintiff reasserts his allegations against Katravenos in 10-CV-5816.

proceedings before Judge Dohonue, or "to obtain information that would help him defend himself." (*Id.* at ¶¶ 44-45.) Additionally, a FOIL officer for the Suffolk County District Attorney's Office denied plaintiff's June 30, 2008 FOIL request for information pertaining to his state case. (*Id.* ¶ 46; 10-CV-1983 Compl. ¶ 15.) On July 31, 2008, plaintiff sought a subpoena from Judge Fitzgibbon concerning Judge Tanenbaum and McCormick. (8-CV-3088 AC ¶ 48.)

### 3. Allegations Against Suffolk County

Plaintiff asserts that the Suffolk County Police Department falsely arrested him and that its "policies and practices were harmful" to him and resulted in the denial of his constitutional rights. (*Id.* ¶ 60.) Plaintiff alleges that his due process rights, including his right to face his accusers and his right to a speedy trial, have been violated. (*Id.* ¶ 62.) He further alleges that Suffolk County has a policy and practice of denying the right to a fair trial. (*Id.* ¶ 63.) With respect to plaintiff's underlying eviction action, he asserts that both Suffolk County and the Suffolk County Police Department have a policy and practice of depriving the constitutional rights of tenants during the eviction process. (*Id.* ¶ 68.) Suffolk County and the Suffolk County Police Department allegedly conspired with "others known and unknown" to violate plaintiff's constitutional rights. (*Id.* ¶ 70.) Additionally, plaintiff alleges that Suffolk County is responsible for the actions of the 1st District Suffolk County Court, which, through a conspiracy among Judge Tanenbaum and McCormick, refused to grant plaintiff a speedy trial. (10-CV-899 Compl. ¶ 4.) Six Suffolk County Judges – Judge Fitzgibbon, Judge Dohonue, Judge Filiberton, Judge Bean, Judge Santorelli, and Judge Ford – also allegedly conspired to refuse plaintiff a speedy trial. (*Id.* ¶ 5.) Suffolk County

District Attorney Spota ("D.A. Spota") also allegedly violated plaintiff's right to a speedy trial. (10-CV-5650 Compl. ¶¶ 6-7.)

Furthermore, plaintiff alleges that the County Court committed an abuse of process in preventing plaintiff from having a trial. (10-CV-899 Compl. ¶ 6.) Plaintiff also notes that the court attempted to "scare him into a plea bar[gain]" by aiming a taser at him. (*Id.* ¶ 10.)

Without elaborating further, plaintiff asserts that defendants published "slanderous and libelous" words. (8-CV-3088 AC ¶ 91.)

### 4. Allegations Against the New York State Defendants

Plaintiff alleges that New York State and Governor David Patterson "will answer for the actions of Suffolk County court Judge Larence [sic] Donohue, of First District Court" because the State of New York pays his salary. (10-CV-120 Compl. ¶ 2.) Plaintiff alleges that Judge Donohue denied plaintiff his due process rights because he refused to allow plaintiff to subpoena Judge Tanenbaum and McCormick. (*See id.* ¶¶ 1-2.) It appears that plaintiff further alleges that New York State is responsible for the acts of the six Suffolk County Judges – Judge Fitsgibbon, Judge Dohonue, Judge Filiberton, Judge Bean, Judge Santorelli, and Judge Ford – who all conspired to refuse plaintiff a speedy trial. (*See* 10-CV-899 Compl. ¶ 5.) Finally, plaintiff alleges that the County of Suffolk and the State of New York have denied plaintiff his right to a republican government. (10-CV-1983 Compl. ¶ 4.)

### 5. Allegations Against the DOJ and the FBI

The Federal Defendants allegedly refused to enforce the Constitution and guarantee plaintiff a republican form of government, and violated Section 1986. (*Id.* ¶¶ 18-19.) Plaintiff generally appears to allege that the Federal Defendants have failed to investigate his allegations concerning the actions taken by the New York State Defendants and the Suffolk County Defendants.

### B. Procedural History

Plaintiff filed the complaint in this action (8-CV-3088) on July 29, 2008 against the following defendants: Judges Tanenbaum (incorrectly identified as "Judge Tannenbalm" in the complaint), Burke, Santorelli, and Donohue; McCormick; the Suffolk County Government; Suffolk County Police Officer Shield # 5589, Buonagvrio; Suffolk County Police; Legal Aid Society, Suffolk County; Weber; Katravenos; Suffolk County D.A. Spota, "and Continuum . . . et. al." alleging violations of 42 U.S.C. § 1983 in connection with his September 2007 arrest. The Court *sua sponte* dismissed the complaint as to Judge Tanenbaum, Judge Burke, Judge Santorelli, Judge Donohue, and McCormick as barred by the doctrine of judicial immunity. (Order at 6-7, Oct. 7, 2008, ECF No. 6.) The Court *sua sponte* dismissed the complaint as to Suffolk County Police Department because it is not an entity capable of being sued. (*Id.* at 7.) The Court further dismissed the claims against Suffolk County, but granted plaintiff leave to re-plead. (*Id.* at 7-8.) The Court dismissed the claims against D.A. Spota as barred by absolute immunity, and dismissed the claims against the Legal Aid Society of Suffolk County and Legal Aid Attorneys Weber and Katravenos due to the absence of state action under Section 1983. (*Id.* at 9-11.) The Court dismissed the claim against Buonagvrio and Suffolk County Police Officer Shield # 5589, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, but granted leave to re-plead. (*Id.* at 11-12.) Plaintiff filed an amended complaint[4] on November 7, 2008 against Suffolk County, Suffolk County Police Department, John Doe, and Buonagvrio. By Order dated October 27, 2009, the Court stayed the action pending the disposition of the criminal charges against the plaintiff in state court.

On December 14, 2010, plaintiff filed a new action (10-CV-5816) against Katravenos, Weber, the Legal Aid Society, and Suffolk County, alleging violations concerning his representation. By Order dated December 20, 2010, the Court consolidated 10-CV-5816 with the instant action. On January 12, 2010, plaintiff filed a new action (10-CV-120) against New York State alleging violations relating to the plaintiff's September 2007 arrest. By Order dated February 2, 2010, the Court consolidated 10-CV-120 with the instant action. On March 1, 2010, plaintiff filed a new action (10-CV-889) against New York State and Suffolk County concerning the same incident, which the Court consolidated on March 3, 2010. On May 3, 2010, plaintiff filed a new action (10-CV-1983) arising from the same factual nexus and added defendants DOJ and FBI. By Order dated May 5, 2010, the Court consolidated 10-CV-1983 with the instant action. On December 20, 2010, the Court consolidated an additional two complaints with the instant action (10-CV-5650 and 10-CV-5816). On

---

[4] Plaintiff labeled his amended complaint as "Second Amended Complaint," but the Court will refer to it as the "Amended Complaint" because only one amended complaint has been filed.

February 16, 2012, the Court consolidated 12-CV-707 with the instant action.

On November 16, 2011, the Suffolk County Defendants requested that the Court lift the stay and permit the County to move for dismissal. On November 30, 2011, the Court lifted the stay of proceedings and set a briefing schedule for the Suffolk County Defendants to dismiss the complaint. On December 7, 2011, the Court permitted the New York State Defendants to file a motion to dismiss according to the same schedule.

The New York State Defendants and the Suffolk County Defendants filed motions to dismiss on January 9, 2012 and January 30, 2012, respectively. Plaintiff filed oppositions to the motions to dismiss on March 15, 2012. Plaintiff also filed motions for summary judgment on March 15, 2012.[5] On March 19, 2012, the Federal Defendants filed a motion to dismiss. On March 21, 2012, plaintiff filed another motion for summary judgment. On March 22, 2012, plaintiff filed a motion to dismiss, or in the alternative, a motion for summary judgment. On March 30, 2012, the Suffolk County Defendants filed a reply in support of its motion to dismiss. On April 2, 2012, Suffolk County Defendants filed an opposition to plaintiff's motion for summary judgment.

Plaintiff filed an opposition to the Federal Defendants' motion to dismiss on May 17, 2012. The Federal Defendants filed a reply on June 28, 2012. On July 31, 2012, plaintiff filed a letter seeking to amend his complaint to include a claim under Article VI of the U.S. Constitution.[6]

On March 19, 2012, plaintiff filed a request for federal injunctive relief to prevent the trial in Suffolk County District Court on the aggravated harassment charge from proceeding. On March 22, 2012, plaintiff filed an "amendment" to his "motion for injunction," enclosing a list of plaintiff's court appearances in Suffolk County District Court. On March 27, 2012, the Court denied plaintiff's motion for an injunction pursuant to *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). (Order, Mar. 27, 2012, ECF No. 121.) Plaintiff appealed that decision and, on October 3, 2012, the Second Circuit denied the motion for an injunction and dismissed the appeal "as lacking an arguable basis in law or fact." (Mandate, ECF No. 150.)

In addition, the parties have sent numerous letters to the Court updating the Court as to the criminal case pending in state court, including a letter dated March 2, 2013 from plaintiff, indicating the state case was adjourned to May 10, 2013. Plaintiff also filed a letter dated May 21, 2012, indicating that he intended to initiate an Article 78 to compel a speedy trial. However, it is unclear whether plaintiff ever filed that application in state court.

---

[5] Plaintiff's motions for summary judgment and motions to dismiss are essentially re-statements of his various complaints. Plaintiff's motion for summary judgment against the New York State Defendants (March 15, 2012, ECF No. 112) is denied because the Court has granted the New York State Defendants' motion to dismiss for the reasons set forth *infra*. Plaintiff's motion for summary judgment against the Federal Defendants (Mar. 21, 2012, ECF No. 117) is denied because the Court has granted the Federal Defendants' motion to dismiss for the reasons set forth *infra*. The Court will address plaintiff's dispositive motions with respect to the Suffolk County Defendants when it decides the Suffolk County Defendants' motion for summary judgment at a later dat.

[6] The Court dismisses plaintiff's claim under Article VI of the U.S. Constitution because there can be no independent cause of action under this provision. *See* U.S. CONST. art. VI ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land . . . .").

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Supreme Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citation omitted).

When a court reviews a motion to dismiss for lack of subject-matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

Where, as here, the plaintiff is proceeding *pro se*, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that, in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has

knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and rev'd in part on other grounds sub nom.*, *Lentell v. Merrill Lynch Co.*, 396 F.3d 161 (2d Cir. 2005).

## III. DISCUSSION

### A. Suffolk County Defendants

Plaintiff asserts claims against Suffolk County police officer Buonagvrio for false arrest and malicious prosecution. Plaintiff also asserts that Buonagvrio and Suffolk County Police Sergeant Gligorie failed to read plaintiff his *Miranda* rights. Plaintiff further asserts a *Monell* claim against Suffolk County, alleging that he was denied a fair trial and that the County has a policy and practice of depriving tenants of their constitutional rights during the eviction process.[7]

---

[7] Plaintiff seeks to have the Court intervene in his state court criminal proceeding and dismiss it for Speedy Trial violations. However, as the Court stated in its March 12, 2012 Order, in *Younger*, 401 U.S. at 43-44, the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the Federalism principles central to the United States Constitution. The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995), unless plaintiff can show "extraordinary circumstances" to warrant

### 1. False Arrest Claim

The Suffolk County Defendants filed a motion to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Buonagvrio arrested plaintiff on the basis of a valid warrant. Because the Suffolk County Defendants rely on a warrant to establish that plaintiff was arrested with probable cause, and the plaintiff appears to contest the validity of that warrant, the Court hereby converts the Suffolk County Defendants' motion to dismiss the false arrest claim to a motion for summary judgment.[8] The Court will issue a separate order with a briefing schedule and provide plaintiff with the requisite *pro se* notice under Local Rule 56.2, so that he has an opportunity to respond with any evidence to oppose the evidence submitted by the Suffolk County Defendants.

---

intervention in the ongoing proceeding, *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Because all of the elements of *Younger* are met (as discussed in the March 12, 2012 Order), and because plaintiff has not sufficiently alleged extraordinary circumstances, the Court will not intervene in the state court proceeding.

[8] Plaintiff asserts that Buonagvrio "did not have a warrant" for plaintiff's arrest (8-3088 AC ¶ 11), but later in the complaint states that, after McCormick gave statements, a warrant was "requested on August 23, 2007" (*id.* ¶ 18). Plaintiff also explains that Judge Santorelli "issued the arrest warrant" for plaintiff (*id.* ¶ 33.), and then says that Judge Santorelli believed plaintiff was guilty "because he has signed the alleged warrant, if such a warrant ever existed" (*id.* ¶ 34). In his opposition papers, plaintiff refers to the warrant as a tainted warrant and appears to be challenging its validity. The Court liberally construes plaintiff's complaint and opposition to be challenging the validity of the warrant. Thus, the Court will grant the Suffolk County Defendants' request that the Court convert the motion to dismiss into a summary judgment motion so that it can consider the arrest warrant attached to their motion papers. However, the Court must now give plaintiff an opportunity to respond to the converted motion with any evidence that he has to challenge the validity of the warrant, and Buonagvrio's reliance upon it.

### 2. Malicious Prosecution Claim

The Suffolk County Defendants argue that plaintiff's claim for malicious prosecution must be dismissed because there was probable cause to initiate the proceeding. For the reasons set forth below, the Court dismisses plaintiff's malicious prosecution claim without prejudice.

#### a. Applicable Law

"Because there are no federal rules of decision for adjudicating § 1983 actions that are based upon claims of malicious prosecution, we are required by 42 U.S.C. § 1988 to turn to state law-in this case, New York state law-for such rules." *Conway v. Vill. of Mount Kisco, N.Y.*, 750 F.2d 205, 214 (2d Cir. 1984). "'A malicious prosecution claim under New York law requires the plaintiff to prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceedings in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) the actual malice as a motivation for defendant's actions.'" *Blake v. Race*, 487 F. Supp. 2d 187, 211 (E.D.N.Y. 2007) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (additional quotation marks omitted)). In addition to the state law elements of malicious prosecution, "to sustain a § 1983 malicious prosecution claim, there must be a seizure or other 'perversion of proper legal procedures' implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." *Washington v. Cnty. of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004) (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995)). As the Second Circuit has held,

> [u]nder New York law, even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause. In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact. The New York Court of Appeals has noted that the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause.

*Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (citations and internal quotation marks omitted); *see also Korthas v. City of Auburn*, No. 04-CV-0537, 2006 WL 1650709, at *5 (N.D.N.Y. June 9, 2006) ("Police officers may not purposely withhold or ignore exculpatory evidence that, if taken into account, would void probable cause . . . . [A] failure to make further inquiry when a reasonable person would have done so may evidence a lack of probable cause." (alteration, citation and internal quotation marks omitted)).

#### b. Application

Because the underlying suit against the plaintiff has not yet been resolved, plaintiff is not yet able to demonstrate "termination of the proceedings in plaintiff's favor." Accordingly, any malicious prosecution claim must fail as a matter of law, and is dismissed without prejudice. *See Chord Assocs., LLC v. Protech 2003-D, LLC*, 07-CV-5138, 2010 WL 3780380, at *5 (E.D.N.Y. Sept. 21, 2010) ("Because this action is still ongoing, it has not terminated in [plaintiff's] favor, and any malicious prosecution claim would fail as a matter of law."); *see also Castro v. E. End Plastic, Reconstructive & Hand Surgery, P.C.*, 47 A.D.3d 608, 609 (2d Dep't 2008).

### 3. Failure to Read Plaintiff His *Miranda* Rights

Plaintiff alleges that Suffolk County police officers violated his constitutional rights by failing to read him his *Miranda* warnings after his arrest. It is well settled that the mere failure to read a suspect his *Miranda* warnings is not a constitutional violation in and of itself, and is therefore not the basis for a Section 1983 claim. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (failure to read *Miranda* warnings to suspect did not violate suspects constitutional rights and "cannot be grounds for a § 1983 action"); *Michigan v. Tucker*, 417 U.S. 433, 444 (1974) (stating that *Miranda* rights are "not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected"); *Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003) ("*Miranda* violations, absent coercion, do not rise to the level of constitutional violations actionable under § 1983. The appropriate remedy for violations of *Miranda* rights is exclusion of the evidence at trial." (citation omitted)). Even assuming, *arguendo*, that the officers questioned plaintiff without reading him his *Miranda* rights, such questioning does not rise to the level of coercion. *See Jocks*, 316 F.3d at 138 ("Although [plaintiff] argues that there was coercion, evidence of coercion is absent. In particular, making provocative statements in front of a suspect who has insisted on having his lawyer present and asking if the statements are accurate is simply a run-of-the-mill *Miranda* violation, which can taint the evidence but is not independently actionable as a civil rights claim."). Accordingly, because "run-of-the-mill" *Miranda* violations are not actionable under Section 1983, and because plaintiff has not alleged coercion, this claim is dismissed with prejudice.

### 4. *Monell* Claim

Additionally, the Suffolk County Defendants move to dismiss plaintiff's *Monell* claim, arguing that the amended complaint cannot reasonably be interpreted to include allegations concerning a Suffolk County municipal policy or custom that deprived plaintiff of his constitutional rights. For the reasons set forth below, the Court agrees.

#### a. Applicable Law

The Supreme Court has explained that a municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "The policy or custom need not be memorialized in a specific rule or regulation." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (citing *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992)). Instead, constitutional violations by government officials that are "persistent and widespread" can be "so permanent and well settled as to constitute a custom or usage with the force of law, and thereby generate municipal liability." *Sorlucco*, 971 F.2d at 870-71 (citing *Monell*, 436 U.S. at 691) (internal quotation marks omitted). Moreover, a policy, custom or practice of the entity may be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson*, 375 F.3d at 226 (quoting *Kern*, 93 F.3d at 44). However, a municipal entity may only be held liable where the entity *itself* commits a wrong; "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *see also Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("A municipality

may not be held liable in an action under 42 U.S.C. § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior*.").

### b. Application

Plaintiff alleges that Suffolk County has a policy and practice of denying defendants their right to a fair trial. (8-CV-3088 AC ¶ 63.) He also asserts that Suffolk County and the Suffolk County Police Department have a policy and practice of depriving tenants of their constitutional rights during the eviction process. (*Id.* ¶ 68.)

Plaintiff's allegations cannot reasonably be interpreted to allege a Suffolk County municipal policy or custom that deprived the plaintiff of his constitutional rights. The County of Suffolk is not responsible for, nor does it have any control over, trials conducted within the New York State Court system. Moreover, the complaint is devoid of any factual allegations to support plaintiff's conclusory assertion that a policy or custom of the County caused a violation of his constitutional rights, either with respect to his trial or the eviction process. In short, plaintiff has failed to articulate a plausible *Monell* claim. Accordingly, this conclusory claim is dismissed with prejudice.[9] *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or

general allegations are insufficient to state a claim for conspiracy under § 1983." (citing *Ciambriello*)).

### B. New York State Defendants

Plaintiff alleges that New York State and former Governor David Patterson are responsible for the actions of Suffolk County Judge Donohue, who allegedly denied plaintiff his Due Process rights when he refused to allow plaintiff to subpoena Judge Tanenbaum and McCormick. (10-CV-120 Compl. ¶ 1.) It appears that plaintiff further alleges that New York State is responsible for the acts of Suffolk County Judges Fitsgibbon, Donohue, Filiberton, Bean, Santorelli and Ford, all of whom allegedly conspired to refuse plaintiff a speedy trial. (*See* 10-CV-899 Compl. ¶ 5.) Finally, plaintiff alleges that the State of New York has denied plaintiff his right to a republican government. (10-CV-1983 Compl. ¶ 4.)

The New York State Defendants filed a motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff's claims are barred by the Eleventh Amendment and, in any event, that the defendants are protected by absolute and qualified immunity. For the reasons set forth below, the Court agrees and dismisses plaintiff's claims against the New York State Defendants with prejudice.

### 1. Eleventh Amendment Immunity

### a. Applicable Law

The Eleventh Amendment states that the "[j]udicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the United States by Citizens of

---

[9] As discussed *infra*, the Court, in its discretion, is not providing plaintiff with an opportunity to re-plead the *Monell* claim because the Court has already given plaintiff such an opportunity, after dismissing the claim in the October 7, 2008 Order, and plaintiff has failed to correct those defects. Instead, the Court continues to rely on conclusory allegations, which suggests that he cannot articulate a plausible claim.

another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, the Eleventh Amendment bars federal suits against state governments by a state's citizens, unless that state "waive[s] its . . . immunity from suit in a federal court," *Lapides v. Bd. of Regents of Univ. of Ga.*, 535 U.S. 613, 618 (2002), or Congress "abrogate[s] such immunity . . . [by] mak[ing] its intention to abrogate unmistakably clear in the language of [a federal] statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment," *Nev. Dep't. of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003).

Eleventh Amendment immunity also extends to suits against state officers in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); *McNamara v. Kaye*, No. 06-CV-5169, 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state.").[10]

### b. Application

New York "has not waived its immunity as to suits seeking either monetary or injunctive relief in federal court."

*Goonewardena v. New York*, 475 F. Supp. 2d. 310, 322 (S.D.N.Y. 2007) (citing N.Y. Court of Claims Act § 8 (McKinney 2006)). In addition, Congress has not abrogated such immunity. Accordingly, New York State is entitled to Eleventh Amendment immunity, and the claims against it must be dismissed. *See, e.g.*, *Marmot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (affirming dismissal of Section 1983 action against New York state agency and stating that "[i]t is well-established that New York has not consented to § 1983 suits in federal court").

### 2. Judicial Immunity

### a. Applicable Law

Under the doctrine of absolute judicial immunity, judges are subject to suit only for: (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity", or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam) (internal citations omitted); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, nor can a judge "'be deprived of immunity because the action he took was in error . . . or was in excess of his authority,'" *id.* at 13 (alteration in original) (quoting *Stump*, 435 U.S. at 356).

### b. Application

This Court previously dismissed plaintiff's claims against Judges Tanenbaum, Burke, Santorelli, and Donohue on the grounds of absolute judicial immunity. As the Court stated in that Order,

Here, plaintiff explicitly states that the defendant judges are members of the judiciary and the alleged

---

[10] A narrow exception to this rule exists for official-capacity suits against state officers seeking prospective injunctive relief. *See Will*, 491 U.S. at 71 n.10. However, as discussed *supra* n.7, because all of the elements of *Younger*, 401 U.S. at 43-44, are met, and because plaintiff has not sufficiently alleged extraordinary circumstances, the Court will not intervene in the state court proceeding.

wrongful conduct by the judges asserted in the complaint (*e.g.*, presiding over an arraignment, issuing a protective order, etc.) were clearly judicial in nature. There is no indication that the judges acted outside the scope of their jurisdiction. Therefore, given a most liberal reading and accepting the truth of the allegations asserted, plaintiff's claims against the defendant judges cannot be sustained because such claims are barred by the doctrine of judicial immunity, and the complaint is dismissed as to Judges Tanenbaum, Burke, Santorelli, and Donohue.

(Order at 5-6, Oct. 7, 2008, ECF No. 5.) Similarly, the Court previously dismissed plaintiff's claims against McCormick on the grounds that "absolute immunity extends not only to judges and prosecutors, but also to officials who perform functions closely associated with the judicial process, including parole board officials conducting parole hearings, federal hearing examiners, administrative law judges, and law clerks." (*Id.* at 6 (quoting *Roe v. Johnson*, 334 F. Supp. 2d 415, 423 (S.D.N.Y.2004)).) As this Court previously stated, "Plaintiff explicitly lists Sharon McCormick as a member of the judiciary and notes that she serves as Judge Tanenbaum's chief law clerk. Plaintiff does not make any specific allegations as to how McCormick conspired to deprive plaintiff of a constitutional right." (*Id.*)

Plaintiff also alleges that Suffolk County Judges Fitsgibbon, Donohue, Filiberton, Bean, Santorelli, and Ford conspired to refuse plaintiff a speedy trial. (10-CV-899 Compl. ¶ 5.) This allegation must be rejected because the assertion is too conclusory to permit judicial consideration. *See Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) (dismissing claims based on allegations of a conspiracy where plaintiff "relie[d] on diffuse averments but [did] not provide a factual basis for his claim or plead overt acts indicating the existence of a conspiracy"); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy ... cannot withstand a motion to dismiss."). Even if the assertion were made explicit, a conspiracy among judges in connection with their judicial function is still protected by judicial immunity.[11] *See Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987) ("[F]undamentally, since absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity.").

In sum, plaintiff's allegations against the State of New York concerning the acts of all of the judges named in plaintiff's eight complaints fail because the State of New York is protected by Eleventh Amendment Immunity and because each judge is protected by absolute judicial immunity.[12]

---

[11]  To the extent plaintiff also attempts to bring a speedy trial claim against any other defendants in this case, that claim also fails as a matter of law. As a threshold matter, "the speedy trial requirements imposed by Section 30.30 of the New York Criminal Procedure Law describe statutory, not constitutional limitations, with respect to the date by which a state criminal case must be tried." *Johnson v. Constantellis*, No. 03 Civ. 1267, 2005 WL 2291195, at *17 (S.D.N.Y. Aug. 10, 2005) (Report and Recommendation). Moreover, any alleged federal constitutional claim by plaintiff that the prosecutors are wrongfully delaying his trial must be dismissed on grounds of absolute immunity, as discussed in the Court's October 7, 2008 Order dismissing the claims against District Attorney Spota.

[12] Plaintiff named the First District Court of Suffolk County as a defendant in 10-CV-5650. Eleventh Amendment immunity bars any claims against the

## C. Federal Defendants

Plaintiff alleges that the Federal Defendants failed to investigate plaintiff's allegations against the other defendants, in violation of Section 1983 and Section 1986. In his opposition to the Federal Defendants' motion to dismiss, filed May 17, 2012, plaintiff further alleges that the Federal Defendants have violated the Federal Torts Claim Act by failing to investigate plaintiff's allegations. The Federal Defendants have moved to dismiss on the grounds that the United States has not waived its sovereign immunity for claims brought under 42 U.S.C. § 1983, that plaintiff's claims under 42 U.S.C. § 1986 fail to state a claim upon which relief can be granted, and that plaintiff's claim under the FTCA fails because of lack of subject matter jurisdiction and because the discretionary function exception to the FTCA bars claims challenging the Federal Defendants' alleged failure to investigate plaintiff's claim. For the reasons set forth below, the Court agrees and dismisses all claims against the Federal Defendants with prejudice.

---

Suffolk County court system. *See Leshore v. Comm'r of Long Beach P.D.*, 10-CV-6067, 2012 WL 1032643, at *4 n.2 (E.D.N.Y. Mar. 21, 2012) ("[A]s a part of the New York State Unified Court System, Eleventh Amendment immunity would also bar any claims against the Nassau County Court." (citing *McCluskey v. N.Y. State Unified Court Sys.*, 442 F. App'x 586, 588 (2d Cir. 2011))). Thus, any cause of action against the District Court of Suffolk County is dismissed. Additionally, plaintiff claims that the New York State Defendants and the Federal Defendants have denied plaintiff his right to a republican government. (10-CV-1983 Compl. ¶ 4.) Plaintiff appears to allege a violation of Article IV, Section 4 of the U.S. Constitution. *See* U.S. Const. Art. IV, § 4 ("The United States shall guarantee to every State in this Union a Republican Form of Government . . . ."). The Court dismisses this claim against all defendants as plaintiff fails, in any of his eight complaints, to state any allegations concerning "[t]he authority of the people of the States to determine the qualifications of their government officials." *Gregory v. Ashcroft*, 501 U.S. 452, 463 (1991).

### 1. Section 1983 Claim

Plaintiff's claim against the Federal Defendants under Section 1983 must fail. First, it is well settled that the United States has sovereign immunity and that any waiver of that immunity "must be unequivocal." *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992). Thus, the Court agrees with the Federal Defendants that no claim against them or the United States may lie for a constitutional tort. In any event, Section 1983 is not a vehicle for suits against the federal government or an agency thereof. *Accord Hightower v. United States*, 205 F. Supp. 2d 146, 154 n.4 (S.D.N.Y. 2002) ("Although plaintiff purports to invoke Section 1983 and the New York Constitution as bases for his constitutional claims . . . Section 1983 and the New York State Constitution only permit suits against state actors acting under color of state law, and not against the federal government or federal employees acting under federal law."). Accordingly, the Court dismisses plaintiff's Section 1983 claim against the Federal Defendants.

### 2. FTCA Claim

Plaintiff also brings a claim against the Federal Defendants pursuant to the FTCA, 28 U.S.C. § 1346(b) *et seq*. The FTCA provides, in relevant part:

> Subject to the provisions of chapter 171 of this title [28 U.S.C. §§ 2671 *et seq*.], the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). By enacting the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *See Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004). However, "[t]he waiver of sovereign immunity under the FTCA . . . is strictly limited to suits predicated upon a tort cause of action cognizable under state law and brought in accordance with the provisions of the FTCA," *Finelli v. Drug Enforcement Agency*, No. 92 Civ. 3463, 1993 WL 51105, at *5 (S.D.N.Y. Feb. 24, 1993), and this constitutes the exclusive remedy for torts committed by federal employees in the course of their duties, *see James v. United States*, No. 99 Civ. 4238, 2000 WL 1132035, at *1 (S.D.N.Y. Aug. 8, 2000); *see also Finelli*, 1993 WL 51105, at *1 ("While this provision does not apply to suits for violation of federal constitutional or statutory rights, it is well settled that it does provide Government employees with absolute immunity against claims of common-law tort." (citing *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991))). Thus, to the extent that plaintiff alleges that the United States, or any agency thereof, committed common law torts against plaintiff, any such claim is governed by the FTCA.

As an initial matter, the FTCA's limited waiver of immunity does not extend to suits brought against, *inter alia*, federal agencies, such as the Federal Defendants. *See, e.g.*, 28 U.S.C. § 2679(a); *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975) ("We should first note that suit under the Federal Tort Claims Act lies here, if at all, only against the United States. Neither the Postal Service nor the Postal Inspection Service, named as defendants, may be sued directly . . . ."); *Langella v. Bush*, 306 F. Supp. 2d 459, 463 (S.D.N.Y 2004) ("Under the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit."). Because the Department of Justice and the Federal Bureau of Investigation may not be directly sued under the FTCA, this Court does not have subject matter jurisdiction over plaintiff's FTCA claim against them. However, even construing the *pro se* plaintiff's complaints liberally to allege a claim against the United States, the claim must fail because the discretionary function exception to the FTCA bars claims challenging the Federal Defendant's alleged failure to investigate plaintiff's claim. *See* 28 U.S.C. § 2680(a) (exception to the FTCA for "[a]ny claim based upon an act or omission of an employee of the Government . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused"). The Federal Defendants' decision not to investigate plaintiff's claims is a discretionary one. *See Martinez v. United States*, 587 F. Supp. 2d 245, 248 (D.D.C. 2008) (dismissing claim under the FTCA and stating that "[t]he decision to allocate limited governmental resources to investigate a reported crime, like the decision to allocate limited resources to prosecute a crime, is a discretionary function."); *see also Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir. 1995) ("Deciding whether to prosecute . . . [is an] action[] that require[s] the prosecutor to exercise his professional judgment. [It is] therefore quintessentially discretionary.").

Accordingly, because the Federal Defendants' decision not to investigate plaintiff's claims against the other defendants falls within the discretionary function exception to the FTCA, the Court dismisses plaintiff's FTCA against the Federal Defendants with prejudice.

### 3. Section 1986 Claim

Plaintiff also brings a claim against the Federal Defendants pursuant to 42 U.S.C. § 1986. "Section 1986 provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999) (citation and internal quotation marks omitted). However, Section 1985 liability is a necessary predicate to a Section 1986 claim. *See Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000); *see also Posr v. Court Officer Shield # 207*, 180 F.3d 409, 419 (2d Cir. 1999) (affirming dismissal of Section 1986 claim where district court also dismissed Section 1985 claim).

Section 1985(3) prohibits two or more persons from conspiring for the purpose of depriving any person of the equal protection of the laws, or of equal privileges and immunities under the laws. In order to establish a claim under Section 1985(3), a plaintiff must establish four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; [and] (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085,

1087 (2d Cir. 1993). The conspiracy must be motivated "by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* at 1088 (quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829 (1983)).

Plaintiff has not alleged in any of his complaints that the actions of any of the defendants were driven by any discriminatory animus. Accordingly, the Court dismisses plaintiff's conspiracy claims under Section 1985 against all defendants. Since the Court has dismissed plaintiff's Section 1985 claims, the Court must also dismiss plaintiff's claims brought under Section 1986. *See, e.g.*, *O'Bradovich v. McGuire*, 325 F. Supp. 2d 413, 426 (S.D.N.Y. 2004) ("Plaintiffs' inability to state a claim for conspiracy under § 1985 is, in turn, fatal to their § 1986 claim . . . ."). Thus, to the extent plaintiff attempts to state a claim under Section 1986, that claim must also be dismissed against the Federal Defendants.

### D. State Law Claims

Construing plaintiff's complaints liberally, plaintiff also presents a state common law claim for defamation against the Suffolk County Defendants. However, until the Court determines whether any federal claims against the Suffolk County Defendants will survive (after considering the County's converted motion for summary judgment), the Court will not determine whether it will exercise supplemental jurisdiction over any remaining state law claims against the Suffolk County Defendants.

### IV. LEAVE TO REPLEAD

The Second Circuit has emphasized that,

[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, leave to re-plead can be denied where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

Here, the Court has determined that the State of New York is immune from suit, and, in any event, protected by absolute judicial immunity. Additionally, plaintiff's Section 1983 claim against the Federal Defendants fails because Section 1983 only permits suits against state actors acting under color of state law, and not against the federal government or federal employees acting under federal law. Plaintiff's Section 1986 claim against the Federal Defendants fails because plaintiff has not alleged in any of his eight complaints or repeated filings with the Court that the Federal Defendants' actions were driven by any discriminatory animus. Plaintiff's FTCA claim fails

because the discretionary function exception to the FTCA bars claims challenging the Federal Defendants' alleged failure to investigate plaintiff's claim. Accordingly, granting plaintiff leave to re-plead would be futile. Moreover, this is plaintiff's eighth complaint,[13] and he has still failed to allege a plausible claim against the New York State Defendants or the Federal Defendants. Thus, given that: (1) New York State is immune from suit and protected by absolute judicial immunity; (2) all claims against the Federal Defendants fail for the reasons stated *supra*; and (3) the plaintiff has already filed eight complaints, along with numerous letters and motions, all of which fail to allege a plausible claim against the New York State Defendants or the Federal Defendants, leave to re-plead against those parties is unwarranted. Similarly, given plaintiff's clear inability to articulate a plausible *Monell* or *Miranda* claim, those claims are also dismissed against the Suffolk County Defendants with prejudice.

## VI. CONCLUSION

For the foregoing reasons, the Court grants the New York State Defendants' motion to dismiss all claims with prejudice. The Court also grants the Federal Defendants' motion to dismiss all claims with prejudice. With respect to the Suffolk County Defendants, the Court dismisses plaintiff's *Monell* claims and claim concerning the *Miranda* violation with prejudice, and dismisses plaintiff's malicious prosecution claim against the Suffolk County Defendants without prejudice. Additionally, the Court converts the Suffolk County Defendants' motion to

---

[13] Plaintiff has also filed dozens of motions and letters during the pendency of this action, none of which sufficiently allege a plausible claim against the New York State Defendants or the Federal Defendants.

dismiss the false arrest claim into a motion for summary judgment, and will give plaintiff an opportunity to respond before ruling on the motion. With respect to any state law claims against the Suffolk County Defendants, the Court will not determine whether to exercise supplemental jurisdiction over those claims until it decides the Suffolk County Defendant's converted motion for summary judgment. The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:          March 29, 2013
               Central Islip, NY

* * *

Plaintiff is representing himself *pro se*, P.O. Box 852, Medford, NY 11763. Defendant New York State and the First District Court of Suffolk County are represented by Lori L. Pack, Office of the New York State Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, NY 11788. The United States Department of Justice and the Federal Bureau of Investigation are represented by James Halleron Knapp, United States Attorneys Office, Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722. Suffolk County and Officer Anthony Buonagvrio are represented by Brian C. Mitchell, Suffolk County Dept. of Law-County Attorney, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, NY 11788.