KENNETH LEOGRANDE,

Plaintiff,

VERSUS

SUFFOLK COUNTY, ET AL.,

Defendants.

───────────────

**MEMORANDUM AND ORDER**
March 9, 2016

───────────────

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Kenneth Leogrande ("plaintiff" or "Leogrande") filed this action on July 29, 2008, alleging claims for relief pursuant to 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1986 ("Section 1986") against a number of parties, including Police Officer Anthony Buonagurio ("Officer Buonagurio," sued herein as "Anthony Buonagvrio") and Suffolk County (collectively with Sergeant Gliganic, "Suffolk County Defendants") for alleged violations arising from the plaintiff's September 1, 2007 arrest and subsequent prosecution for allegedly threatening a state court judge and his clerk. In the Court's March 29, 2013 Order, the Court dismissed plaintiff's *Monell* claims and his claim concerning an alleged *Miranda* violation with prejudice, and dismissed plaintiff's malicious prosecution claim without prejudice, because the underlying state criminal proceeding was still ongoing at that time. The Court also dismissed all of the other claims against the remaining defendants. With respect to the false arrest claim against Officer Buonagurio, the Court converted the Suffolk County Defendants' motion to dismiss into a motion for summary judgment because the Suffolk County Defendants relied on evidence outside the pleadings to support their claim that Officer Buonagurio arrested plaintiff pursuant to a valid warrant. The Court also deferred a determination of whether to exercise supplemental jurisdiction over the state law claim against the Suffolk County Defendants until after it had ruled on the converted motion for summary judgment.

On May 5, 2014, the Suffolk County Defendants informed the Court that plaintiff's underlying state case had been dismissed pursuant to motion. On June 25, 2014, plaintiff requested leave to file an

amended complaint to add a claim of malicious prosecution, and on November 26, 2014, plaintiff filed a motion to amend his complaint to add the malicious prosecution claim. On January 9, 2015, the Suffolk County Defendants filed an opposition to plaintiff's motion to amend. On January 28, 2015, the Court granted the Suffolk County Defendants' motion for summary judgment regarding the false arrest claim, and also granted plaintiff's motion to amend the complaint to assert his malicious prosecution claim. In light of the Court's jurisdiction over the malicious prosecution claim, plaintiff's pendant state law claim was also allowed to proceed. On January 29, 2015, the Suffolk County Defendants filed a motion for reconsideration, which the Court denied on February 2, 2015.

On April 20, 2015, plaintiff filed a fourth amended complaint, asserting claims against Suffolk County, District Attorney Thomas Spotta, the First District Court, the State of New York, Judge Santorelli, Sharon McCormick, Paul Sarsfield, Police Officer Buonagurio, and Sergeant Gliganic (sued herein as "Officer Gligorie"). On April 21, 2015, the New York Attorney General's Office filed a letter-motion requesting that the case be dismissed as against District Attorney Thomas Spotta, the First District Court, the State of New York, Judge Santorelli, Sharon McCormick, and Paul Sarsfield because the Court already dismissed all claims against these defendants with prejudice. On May 6, 2015, the Court again dismissed the claims against District Attorney Thomas Spotta, the First District Court, the State of New York, Judge Santorelli, Sharon McCormick, and Paul Sarsfield with prejudice. The Court permitted the Fourth Amended Complaint to proceed against the County of Suffolk as to the *Monell* claim, and as to Sergeant Gliganic and Officer Buoangvrio for claims of malicious prosecution and defamation, and granted the Suffolk County Defendants' request for leave to file a motion for summary judgment in lieu of a responsive pleading.

On June 15, 2015, the Suffolk County Defendants filed their motion for summary judgment. Plaintiff filed his response on August 5, 2015, and the Suffolk County Defendants filed their reply on August 31, 2015. Plaintiff filed a sur-reply on September 23, 2015, and a supplemental letter on October 26, 2015.

I.   FACTUAL BACKGROUND

The Court assumes familiarity with the facts of this case in light of the Court's March 29, 2013 Memorandum and Order, *Leogrande v. New York*, No. 08-CV-3088, 2013 WL 1283392 (E.D.N.Y. Mar. 29, 2013), but provides a brief overview of the relevant facts. Where noted, the following factual allegations from the complaint are taken as true for the purpose of this motion.

On September 1, 2007, Officer Buonagurio arrested plaintiff at 2844 Route 112, Medford, New York. (Fourth Am. Compl. ¶ 10.) In support of their motion, the Suffolk County Defendants submitted an arrest warrant against plaintiff signed on August 24, 2007, by Judge Joseph A. Santorelli.[1] (Ex. B to Mitchell Decl., ECF No. 202-8.) In the warrant, Lieutenant Paul A. Sarsfield ("Sarsfield") affirms that the

---

[1] In its January 28, 2015 Order, the Court found that the warrant was valid and supported by probable cause. (Jan. 28, 2015 Order, ECF No. 186, at 9.)

warrant was based upon the statements of Sharon McCormick ("McCormick"), a senior court clerk. (*Id.*) According to McCormick, plaintiff threatened Judge Melvyn Tanenbaum, telling McCormick over the telephone that if the judge did not respond to his letter, that he would physically assault the judge in the parking lot. (*Id.*) Based upon this statement, Sarsfield stated that plaintiff committed the offense of aggravated harassment in the second degree. (*Id.*)

II. STANDARD OF REVIEW

The standards for summary judgment are well-settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that it is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (emphasis and alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

When considering a dispositive motion made by or against a *pro se* litigant, the Court must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a *pro se*] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). Nonetheless, "[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

### III. DISCUSSION

#### A. Malicious Prosecution

Plaintiff argues that he was subject to malicious prosecution by Officers Buonagurio and Sergeant Gliganic. To succeed on a malicious prosecution claim under Section 1983, a plaintiff must show (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice. *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009); *Drummond v. Castro*, 522 F. Supp. 2d 667, 677 (S.D.N.Y. 2007). Malicious prosecution claims under Section 1983 also require that there "'be a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the Fourth Amendment.'" *Conte v. County of Nassau*, 06-CV-4746 (JFB)(ETB), 2008 WL 905879, at *11 (E.D.N.Y. Mar. 31, 2008) (quoting *Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004)) (additional quotation marks and citation omitted).

Here, the first two elements are met. It is undisputed that a criminal proceeding was instituted against plaintiff and that this proceeding terminated in his favor. As to the third element, the Second Circuit has held,

> Under New York law, even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause. . . . In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact. . . . The New York Court of Appeals has noted that the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause.

*Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (internal citations and quotation marks omitted). However, if the police had probable cause to arrest, a plaintiff in a malicious prosecution case must show that facts emerged following the arrest to vitiate probable cause. *Drummond*, 522 F. Supp. 2d at 678 (granting summary judgment to defendants on malicious prosecution claim because police had probable cause to arrest plaintiff, and plaintiff's alibi and character

4

reference from employer did not defeat probable cause); *see also Torraco v. Port Auth. of N.Y. & N.J.*, 539 F. Supp. 2d 632, 652-53 (E.D.N.Y. 2008) (granting summary judgment to defendants on malicious prosecution claim because probable cause existed for arrest and plaintiff's allegations regarding additional, post-arrest information were "speculation"); *Coyle v. Coyle*, 354 F. Supp. 2d 207, 213 (E.D.N.Y. 2005) (dismissing malicious prosecution claim where defendants had probable cause to arrest plaintiff and were not made aware of any facts that would negate probable cause). The Court has already found that there was probable cause to arrest plaintiff,[2] and plaintiff has not made the Court aware of any post-arrest facts that would alter the initial finding of probable cause.[3]

Further, neither Officer Buonagurio nor Sergeant Gliganic initiated the prosecution against the plaintiff. "'The independent, discretionary actions of the [prosecutor] served to break any causal connection between [defendants] and the prosecution commenced against [p]laintiff[s].'" *Pierre v. City of New York*, No. 05-CV-5018(JFB)(KAM), 2007 WL 2403573, at *11 (E.D.N.Y. Aug. 17, 2007) (alteration in original) (quoting *Stephenson v. Rosa,* 03-CV-8503, 2006 U.S. Dist. LEXIS 7390, at *8 (E.D.N.Y. Feb. 24, 2006)). Plaintiff has not demonstrated that Officer Buonagurio or Sergeant Gliganic either deceived or unduly pressured the prosecutor, nor that the police officers were the complaining witnesses. Therefore, it cannot be said that Officer Buonagurio or Sergeant Gliganic initiated the action against plaintiff. *See id.* at *11 (dismissing malicious prosecution claim in part because defendant police officers "merely effectuated the arrests of plaintiffs" and, thus, could not be said to have initiated the action).

Therefore, because plaintiff has not put forth any post-arrest facts that would alter the initial finding of probable cause, and further, because neither Officer Buonagurio nor Sergeant Gliganic initiated the prosecution against the plaintiff, the Court grants summary judgment to the Suffolk County Defendants on this claim.

---

[2] Although plaintiff argues that Sergeant Gliganic told him that he was arrested as "a favor for a judge," (*see* Pl.'s Opp'n ¶ 11, 33), it is well-settled that an officer's subjective motivation for an arrest is irrelevant to a probable cause determination. *See Arkansas v. Sullivan*, 532 U.S. 769, 771-72 (2001) (citing *Whren v. United States,* 517 U.S. 806, 813 (1996)).

[3] Plaintiff argues that the Suffolk County Defendants' 56.1 Statement and Officer Buonagurio's affidavit regarding whether he saw the warrant are contradictory, and thus, create a material issue of fact. However, plaintiff appears to misunderstand the Suffolk County Defendants' submissions. In their 56.1 Statement, the Suffolk County Defendants state that "[w]hile at the precinct Officer Buonagurio received a faxed printout of the warrant information relating to Mr. Leogrande which additionally confirmed the validity of the arrest warrant" and that "[d]uring the arrest processing, neither the application for the warrant, supporting depositions, or the physical warrant itself was displayed on any computer in the precinct, and at no time did Officer Buonagurio o[r] Sergrant Gliganic see or review these documents." (Defs.' 56.1 Statement, ECF 202-1, ¶¶ 8-9.) The "faxed printout of the warrant information" was attached as Exhibit G and is not a copy of the arrest warrant, but rather, just includes data relating to the warrant. (*See* Ex. G to Mitchell Decl., ECF No. 202-13.) Thus, there is no inconsistency as to whether Officer Buonagurio saw the warrant or its supporting documents so as to create a material issue of fact precluding summary judgment.

5

B. Qualified Immunity

Even assuming *arguendo* that plaintiff would be able to state a malicious prosecution claim against Officer Buonagurio and Sergeant Gliganic, they would be entitled to qualified immunity.

The doctrine of qualified immunity shields government officials from civil liability if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As the Second Circuit has noted, "[t]his doctrine is said to be justified in part by the risk that the 'fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.'" *McClellan v. Smith*, 439 F.3d 137, 147 (2d Cir. 2006) (quoting *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)). Thus, qualified immunity is not merely a defense but rather is also "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, the availability of qualified immunity should be decided by a court "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

An arresting officer is entitled to qualified immunity on a claim of malicious prosecution if either: (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met. *Walczyk v. Rio*, 496 F.3d 139, 163 (2d Cir. 2007); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 416 (2d Cir. 1999) (quoting *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir. 1991)). The issue of "reasonableness" for purposes of probable cause is distinct from the issue of "reasonableness" for purposes of qualified immunity. *See Kerman v. City of N.Y.*, 374 F.3d 93, 116 (2d Cir. 2004); *see also Anderson v. Creighton*, 483 U.S. 635, 641 (1987) ("It simply does not follow immediately from the conclusion that it was firmly established that warrantless searches not supported by probable cause and exigent circumstances violate the Fourth Amendment that [the] search was objectively legally unreasonable.")). In *Anderson*, the Supreme Court held that "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable." 483 U.S. at 641.

The Second Circuit has defined this standard, which is often referred to as "arguable probable cause," as follows:

> Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law. It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable.

*Cerrone v. Brown*, 246 F.3d 194, 202-03 (2d Cir. 2001) (quotations and citations omitted) (emphasis in original). Under this standard, "an 'arresting officer is entitled to qualified immunity as a matter of law if the *undisputed facts* and all permissible inferences favorable to the plaintiff show . . . that officers of reasonable competence could disagree on whether the probable cause test was met.'" *McClellan v. Smith*, 439 F.3d 137, 147-48 (2d Cir. 2006) (emphasis in original) (quoting *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987)).

In its January 28, 2015 Order, this Court previously concluded that probable cause existed to arrest plaintiff, noting that "'[a]n arrest pursuant to an outstanding warrant is presumptively valid,'" and that plaintiff failed to demonstrate that there was not probable cause to support the warrant. (Jan. 28, 2015 Order, ECF No. 186, at 8-9 (quoting *Carson v. Lewis*, 35 F. Supp. 2d 250, 256 (E.D.N.Y. 1999).) This Court further found that, assuming *arguendo* that the warrant was not valid and there was no probable cause, Officer Buonagurio would be entitled to qualified immunity because a reasonable officer would believe that the arrest warrant was supported by probable cause. (*See id.* at 9-11.) In particular, the Court noted (1) that the warrant was based on a sworn statement of a court clerk who claimed that the plaintiff threatened a judge, an act which constituted a crime under New York law; (2) that a neutral magistrate, Judge Santorelli, signed the arrest warrant; (3) that plaintiff did not identify any evidence raising a question about Judge Santorelli's neutrality; and (4) that plaintiff did not offer any evidence so as to create an issue of fact with respect to probable cause. (*Id.* at 10.)

Because plaintiff does not contend that there were changed circumstances between his arrest and prosecution, for the same reasons that Officer Buonagurio was entitled to qualified immunity as to the false arrest claim, Officer Buonagurio and Sergeant Gliganic are also entitled to qualified immunity on the malicious prosecution claim. *See, e.g.*, *Jackson ex rel. Jackson v. Suffolk Cty.*, 87 F. Supp. 3d 386, 409 (E.D.N.Y. 2015) ("Under such circumstances (*i.e.*, no contention of new evidence between arrest and prosecution), for the same reasons that [the officer] is entitled to qualified immunity for the false arrest/imprisonment claims, he also is entitled to qualified immunity for the malicious prosecution claims."); *Bouche v. City of Mount Vernon*, No. 11-CV-5246 (SAS), 2013 WL 322613, at *7 (S.D.N.Y. Jan. 28, 2013) ("As it has been established that defendants had at least arguable probable cause to arrest [plaintiff], defendants are entitled to qualified immunity as to both the false arrest and malicious prosecution claims."); *Ketchuck v. Boyer*, No. 3:10-CV-870 (TJM/DEP), 2011 WL 5080404, at *7 (N.D.N.Y. Oct. 25, 2011) ("Finally, for the reasons discussed above with regard to [the officer's] entitlement to qualified immunity on the false arrest charge, he is also entitled to qualified immunity on the malicious prosecution claim. That is, under the circumstances it was objectively reasonable for reasonable officers to believe that there was probable cause to commence the prosecution for the offenses charged.")

C. *Monell* Claim

Plaintiff's Fourth Amended Complaint also contains a *Monell* claim against the County of Suffolk alleging that an official County policy or custom caused a violation of plaintiff's constitutional rights.

7

The Supreme Court has explained that a municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "The policy or custom need not be memorialized in a specific rule or regulation." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (citing *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992)). Instead, constitutional violations by city officials that are "persistent and widespread" can be "so permanent and well settled as to constitute a custom or usage with the force of law, and thereby generate municipal liability." *Sorlucco*, 971 F.2d at 870-71 (citing *Monell*, 436 U.S. at 691) (internal quotation marks omitted). Moreover, a policy, custom, or practice of the entity may be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson*, 375 F.3d at 226 (quoting *Kern*, 93 F.3d at 44). However, a municipal entity may only be held liable where the entity *itself* commits a wrong: "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *see also Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." (emphasis omitted)).

As discussed *supra*, plaintiff cannot prevail on his Section 1983 claims against the individual Suffolk County defendants, Officer Buonagurio and Sergeant Gliganic, in this case. Given that the Court has found no underlying constitutional violation was committed, no liability against Suffolk County under *Monell* can exist as a matter of law. *See Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."); *see also Bernshtein v. City of N.Y.*, 496 F. App'x 140, 144 (2d Cir. 2012) ("To the extent that [plaintiff] cannot establish [the detective] violated her constitutional rights (through false arrest, malicious prosecution, or excessive detention), the City of New York likewise is not liable on the *Monell* claims asserting those violations." (citations omitted)). Even assuming *arguendo* that the absence of an underlying constitutional violation did not preclude a *Monell* claim against the County in this case, the Court concludes that the County would still be entitled to summary judgment on that claim because of the absence of any evidence of an unconstitutional policy, practice, or custom by the County, as it relates to the issues in this case.

Accordingly, summary judgment is granted in the Suffolk County Defendants' favor on plaintiff's *Monell* claims against the County of Suffolk.

D. State Law Claim

Having determined that the federal claims against the Suffolk County Defendants do not survive summary judgment, the Court concludes that retaining jurisdiction over any state law claim is unwarranted. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

726 (1966). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)).

Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claim because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99-CV-3608, 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over the remaining state law claim against the Suffolk County Defendants given the absence of any federal claims against them that survive summary judgment, and dismisses plaintiff's state law claim without prejudice.

IV. CONCLUSION

For the foregoing reasons, the Court grants the Suffolk County Defendants' motion for summary judgment with respect to the malicious prosecution and *Monell* claims. Given the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claim for defamation, and thus, dismisses such claim without prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 9, 2016
      Central Islip, NY

\* \* \*

Plaintiff proceeds *pro se*. Defendants are represented by Brian C. Mitchell, Suffolk County Attorney's Office, 100 Veterans Memorial Highway, Hauppauge, NY 11788.